# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:09-cr-00089 |
| | § | |
| RICHARD ALAN ARLEDGE AND | § | |
| STEVE HAM | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTIONS

Before the court are (1) "Defendant Richard Alan Arledge Motion for a Judgment of Acquittal or in the Alternative for a New Trial under Federal Rules of Criminal Procedure, Rule 29 and Rule 33 " (Dkt. 555), and (2) "Defendant Steve Ham's Motion for a Judgment of Acquittal, or in the Alternative, for a New Trial under Federal Rules of Criminal Procedure, Rule 29 and Rule 33" (Dkt. 558). After considering the motions, the government's responses, and the applicable law, the court is of the opinion that both motions should be **DENIED**.

**I. Background**

On December 6, 2010, a jury convicted Defendant Richard Alan Arledge of Count One of the Superseding Indictment (Dkt. 146) and Defendant Steve Ham of Counts One and Three of the Superseding Indictment. *See* Dkt. 535 (jury verdict form). Count One charged that the Defendants violated 18 U.S.C. § 1956(h), which makes it a crime for anyone to conspire with someone else to commit an offense defined in 18 U.S.C. § 1956. The Defendants were charged with conspiring to engage in money laundering or transactions involving the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1). Count Three charged that Defendant Ham violated 18 U.S.C. § 1956(a)(1)(B)(i), which makes it a crime for anyone knowingly to use the proceeds of certain

illegal activity to conceal or disguise the nature, location, source, ownership, or control of the proceeds. During trial and at the conclusion of the government's presentation of evidence, Defendants Arledge and Ham both moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 29. As to Defendant Arledge and Count One, and Defendant Ham and Counts One and Three, the court denied the motions.[1] The Defendants now renew their motions for a judgment of acquittal, and in the alternative, they move for a new trial pursuant to Fed. R. Crim. P. 33.

**II. Legal Standard**

Rule 29 permits a defendant to move for a judgment of acquittal on the basis that the evidence presented to the jury was insufficient to sustain a conviction. *See* Fed. R.Crim. Proc. 29(a). "In determining if there was sufficient evidence to support a conviction, the 'relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Xu*, 599 F.3d 452, 453 (5th Cir. 2010) (quoting *United States v. Valle*, 538 F.3d 341, 344 (5th Cir. 2008)). "A jury is free to choose among reasonable constructions of the evidence. And it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (internal quotation and citations omitted). Thus, the "inquiry is 'limited to whether the jury's verdict was reasonable,'" not whether the court would have made the same findings if it were the trier of fact. *United States v. Gulley*, 526

---

[1] In addition to Count One, the Superseding Indictment charged Defendant Arledge with a Count Two. At the conclusion of the government's presentation of evidence, the court granted Arledge's motion for a judgment of acquittal on Count Two, leaving Count One as the sole count against Arledge.

F.3d 809, 816 (5th Cir. 2008) (quoting *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001)). A "review of the sufficiency of the evidence is 'highly deferential to the verdict.'" *Id.* (quoting *United States v. Harris*, 293 F.3d 863, 869 (5th Cir. 2002)).

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In this Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict.'" *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). "'A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.'" *Id.* The power to grant a new trial "should be exercised infrequently by district courts, unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (internal quotation and citation omitted).

**III. Analysis**

The court will first address the government's argument that Defendant Ham's motion was not timely filed and therefore must be denied. Rules 29 and 33 both require that motions be filed within fourteen days after a guilty verdict. Fed. R. Crim. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict . . . ."); Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."). As stated previously, the jury reached a verdict in this case on December 6, 2010. This means that, under Rules 29 and 33, Ham's motion must have been filed by December 20, 2010. Because the motion was not filed until February 21, 2011, the court finds that the government's argument has merit. Accordingly,

the court **DENIES** Ham's motion.[2]

The bulk of Arledge's motion attacks the credibility of the government's witnesses and the government's reliance on circumstantial evidence. With regard to these matters, the court finds that Arledge has not identified any new basis, apart from that which he already argued at trial, challenging the sufficiency of the evidence against him. Accordingly, for the reasons elaborated by the court on record during trial, the court rejects these arguments as grounds for a judgment of acquittal or new trial.

The remaining portion of Arledge's motion, regarding matters that were not already raised during trial in support of his first motion for a judgment of acquittal, pertain to his argument that "several instances of prosecutorial misconduct occurred during the trial." Dkt. 555, pg. 17. The first instance cited by Arledge is when the Assistant United States Attorney (AUSA) "displayed in the front of the jury, two (2) DVDs entitled 'Cross Country Pimping,' which [the AUSA] alleged had a nexus to the witness Warren Barconia." *Id.* Arledge contends that "[s]uch action which was engaged in [sic] directly in front of the jury's presence could have prejudiced the jury against Mr. Arledge." *Id.* The government responds by arguing that "neither the contents of the DVDs nor their images were shown to the jury," that the "court immediately provided a limiting instruction directing the jury to disregard the DVDs after the witness was unable to authenticate them," and that the issue "became moot after Warren Barconia himself testified that he was a pimp . . . ." Dkt. 556, footnote 8. Arledge also complains that the aforementioned DVDs were not provided to him during pre-trial discovery. The government counters that they informed Arledge on numerous occasions before trial that he was welcome to review all discovery materials in the government's possession.

---

[2]Alternatively, it is undisputed that Arledge's motion was filed in a timely manner.

Because these arguments have nothing to do with the sufficiency of evidence presented to the jury, the court presumes that they are directed towards Arledge's request for a new trial. However, the court finds that in neither instance has Arledge shown a "miscarriage of justice" in which his "substantial rights" have been adversely affected. *See supra*. Consequently, the court rejects these arguments as grounds for Arledge's motion.

Finally, Arledge cites an instance at trial in which two IRS special agents testified that an undercover operation at Arledge's car dealership had not been videotaped, while later, under cross-examination, one of the agents changed his testimony and admitted that the operation had been videotaped. The video had been turned over to Arledge by the government during pre-trial discovery, and part of it was played for the jury during trial at Arledge's request. The court infers that the "prosecutorial misconduct" Arledge complains of regarding this incident is when the AUSA initially told the court that the video was seized from a camera inside Arledge's dealership, but later, after conferring with the IRS agents, corrected himself by explaining that a video camera had been installed in a purse carried by one of the agents during the undercover operation.

The court finds that Arledge has not shown that this instance warrants a judgment of acquittal or a new trial. With regard to the testimony of the IRS agent, counsel for Arledge cross-examined the agent regarding his inconsistent testimony, and later argued to the jury that the agent's testimony should not be trusted. Because the jury "retains the sole authority . . . to evaluate the credibility of the witnesses," the court finds that Arledge's argument is not an appropriate basis on which to grant a judgment of acquittal. *See supra*. With regard to the government's varying explanation of the video—which, because it does not pertain to the sufficiency of evidence, must relate to Arledge's motion for a new trial—the court finds that this is not the kind of "exceptional circumstance" for

which granting a new trial would be appropriate. *See supra*. Accordingly, having rejected Arledge's arguments in support of his motion, the court finds that the motion should be **DENIED**.

**IV. Conclusion**

Because it was not timely filed, Defendant Ham's motion for a judgment of acquittal, or in the alternative, for a new trial (Dkt. 558) is **DENIED**. Likewise, and for the reasons stated above, Defendant's Arledge's motion for a judgment of acquittal, or in the alternative, for a new trial (Dkt. 555) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this the 7th day of September, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE